IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

LISA NUNN                                                                                               PLAINTIFF

v.                            CIVIL NO. 25-5083

FRANK BISIGNANO, Commissioner
Social Security Administration                                                            DEFENDANT

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, Lisa Nunn, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claims for a period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) benefits under the provisions of Titles II and XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

**I.      Procedural Background:**

Plaintiff protectively filed her current applications for DIB and SSI on March 24, 2022, alleging an inability to work since August 1, 2021, due to fibromyalgia, osteoarthritis, back problems and knee problems. (Tr. 81, 209, 211). For DIB purposes, Plaintiff maintained insured status through September 30, 2023. (Tr. 15, 221). An administrative telephonic hearing was held on January 17, 2024, at which Plaintiff appeared with counsel and testified. (Tr. 38-80).

By written decision dated March 27, 2024, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe. (Tr. 17).

Specifically, the ALJ found Plaintiff had the following severe impairments: fibromyalgia, osteoarthritis (knees and hips), a disorder of the skeletal spine, and multiple sclerosis. However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 17). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> [P]erform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except she can frequently climb ramps and stairs, stoop, kneel, crouch, and crawl. The claimant can occasionally climb ladders, ropes, and scaffolds. In terms of environmental limitations, the claimant must avoid concentrated exposure to hazards such as machinery with moving mechanical parts and unprotected heights. The claimant can have no exposure to noise intensity greater than moderate, as defined by the SCO, and may tolerate light setting equivalent to an office setting. The claimant can perform simple and routine tasks at a consistent pace but not at a production rate pace where each task much (sic) be completed within a strict time deadline.

(Tr. 18). With the help of a vocational expert, the ALJ determined Plaintiff could perform work as a housekeeping cleaner, a merchandise marker and an advertising material distributor. (Tr. 29).

Plaintiff then requested a review of the hearing decision by the Appeals Council, who denied that request on February 20, 2025. (Tr. 1-6). Subsequently, Plaintiff filed this action. (ECF No. 2). Both parties have filed appeal briefs, and the case is before the undersigned for report and recommendation. (ECF Nos. 13, 15, 16).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

## II.     Applicable Law:

The Court reviews "the ALJ's decision to deny disability insurance benefits *de novo* to ensure that there was no legal error that the findings of fact are supported by substantial evidence on the record as a whole." *Brown v. Colvin,* 825 F. 3d 936, 939 (8th Cir. 2016). Substantial

evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *Biestek v. Berryhill*, 139 S.Ct. 1148, 1154 (2019). We must affirm the ALJ's decision if the record contains substantial evidence to support it. *Lawson v. Colvin*, 807 F.3d 962, 964 (8th Cir. 2015). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the court must affirm the ALJ's decision. *Id*.

It is well established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see also* 42 U.S.C. § 423(d)(1)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past

relevant work; and, (5) whether the claimant is able to perform other work in the national economy given her age, education, and experience. *See* 20 C.F.R. §§ 404.1520, 416.920. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982), *abrogated on other grounds by Higgins v. Apfel*, 222 F.3d 504, 505 (8th Cir. 2000); 20 C.F.R. §§ 404.1520, 416.920.

### III.   Discussion:

In her appeal brief, Plaintiff claims the ALJ's decision is not supported by substantial evidence in the record. (ECF No. 13). Specifically, Plaintiff raises the following arguments for reversal: A) The ALJ's improper termination of cross-examination violated due process by preventing resolution of a critical record conflict; B) The ALJ's decision is not supported by substantial evidence because she failed to fulfill her burden at Step-Five; and C) The ALJ's RFC determination omits key limitations in handling and fingering. Upon review, the Court finds the ALJ did not fully consider Plaintiff's alleged upper extremity impairments when evaluating her disability. Accordingly, the Court will only address this issue on reversal.

Of particular concern to the undersigned is the ALJ's RFC determination. RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). It is assessed using all relevant evidence in the record. *Id*. This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of her limitations. *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005); *Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." *Lauer v. Apfel,* 245 F.3d

700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace. *Lewis v. Barnhart,* 353 F.3d 642, 646 (8th Cir. 2003). "[T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect [her] RFC." *Id.*

In the present case, the ALJ determined that Plaintiff maintained the RFC to perform light work with some postural and environmental limitations. However, the ALJ determined Plaintiff had no manipulative limitations. (Tr. 18). After reviewing the evidence of record, the Court is troubled by the ALJ's dismissal of Plaintiff's ongoing and consistent complaints of bilateral upper extremity pain, numbness and tingling. In late 2023, when Plaintiff's multiple sclerosis diagnosis was confirmed with objective testing to include a MRI of the brain, a lumbar puncture, laboratory testing and clinical correlation, Plaintiff reported an increase in her upper extremity pain, numbness and tingling that resulted in her dropping items. (Tr. 992, 1077, 1083-1086, 1138). The record reveals that Plaintiff consistently reported experiencing numbness and tingling in her upper extremities to her treatment providers in late 2023 into early 2024. (Tr. 900, 1046, 1123, 1170). The ALJ appears to dismiss any upper extremity limitations by pointing to examination findings that reveal Plaintiff had a normal grip strength and the opinions of the non-examining medical consultants who opined as to Plaintiff capabilities four months prior to her reports of an increase in her bilateral upper extremity symptoms and the confirmation of her diagnosis of multiple sclerosis. After reviewing the record, the Court finds remand necessary for the ALJ to more fully and fairly develop the record with respect to Plaintiff's alleged bilateral upper extremity impairments. While on remand, the ALJ should also address Plaintiff's complaints of vision

changes that occurred in late 2023, to include blurred vision and intermittent diplopia. (Tr. 900, 1047, 1123).

With this evidence, the ALJ should then re-evaluate Plaintiff's RFC and specifically list in a hypothetical to a vocational expert any limitations that are indicated in the RFC assessment and supported by the evidence.

## IV. Conclusion:

Based on the foregoing, the undersigned recommends reversing the decision of the ALJ and remanding this case to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g). **The parties have fourteen days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 30th day of September 2025.

/s/ *Christy Comstock*
CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE